## EDWARD H. MERRIFIELD v. FARMERS NATIONAL BANK OF PAWNEE CITY, NEBRASKA.

### FILED JANUARY 24, 1900. No. 9,122.

1. **Attachment: MOTION TO DISSOLVE: EVIDENCE: REVIEW.** On the hearing of a motion to dissolve an attachment, error can not be predicated upon the admission of improper evidence. It is presumed that the trial judge, in arriving at a conclusion, considered only proper and competent evidence, and disregarded that which was improper.

2. ———: ———: ———: ———. In reviewing the ruling of a trial court on a motion to dissolve an attachment, this court will not reverse a decision thereon, if supported by competent evidence, because the evidence is conflicting, unless it is against the clear weight of evidence.

ERROR from the district court of Pawnee county. Tried below before STULL, J.   *Affirmed.*

*G. E. Becker* and *J. W. Porter*, for plaintiff in error.

*Lindsay & Raper, contra.*

HOLCOMB, J.

In this action, founded upon a promissory note, an affidavit of attachment was filed, setting forth that the defendant "has property and rights in action, which he conceals and has assigned, removed, disposed of, and is about to dispose of his property, or a part thereof, with intent to defraud his creditors." A writ of attachment was issued and levied upon property as belonging to the defendant. The defendant moved to dissolve the attachment, one of the grounds therefor being that the statements alleged in the affidavit for an attachment were untrue. Upon the issue thus made evidence was submitted by affidavits, and the examination of witnesses in open court. The motion to dissolve was overruled, to which ruling exceptions were taken, and the property attached ordered sold to satisfy the judgment obtained in the action. The case is brought here to secure a reversal of the order of the trial judge overruling defendant's motion to dissolve the attachment.

Much of the brief of counsel for plaintiff in error is devoted to an argument of the alleged errors of the trial judge in the admission of evidence on the hearing of the motion to dissolve the attachment. It is unnecessary for us to discuss this phase of the case, further than to say that the trial judge is presumed, in arriving at a conclusion on the motion to dissolve, to have considered

only proper and competent evidence, and to have disregarded that which was improper; and, if the conclusion reached is supported by sufficient competent evidence, it will not be disturbed by this court. See *Enyeart v. Davis*, 17 Nebr., 228; *Willard v. Foster*, 24 Nebr., 213; *Bilby v. Townsend*, 29 Nebr., 220.

The remaining question to be considered is one of fact and not of law. Counsel argue earnestly that the transactions which led to the attachment proceeding were entered into in good faith by the defendant, and with no intent to defraud his creditors; and that his vendees purchased the property *bona fide*, and for a good and valuable consideration. It would be profitless for us to enter into an examination of each of the several transactions as disclosed by the evidence, or to endeavor to determine whether the several transfers of property were fraudulent as to defendant's creditors to the extent of avoiding the contracts evidencing the several transfers. The vendees are not parties to the suit, and their rights or interests in the property attached are not therein determined. We are of the opinion, from an examination of the evidence, that it is sufficient to warrant the conclusions reached by the trial judge; and the fact that it is conflicting, or that other views might be entertained regarding the motives actuating the defendant in the disposition of his property, would not be ground sufficient for a reversal by this court of the order sustaining the attachment. See *Mayer v. Zingre*, 18 Nebr., 458; *Johnson v. Steele*, 23 Nebr., 82; *Britton v. Boyer*, 27 Nebr., 522. Perceiving no error in the ruling complained of, the same is upheld and

　　　　　　　　　　　　　　　　　　　　**Affirmed.**